UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LAMONT TAYLOR, | No.  2:13-cv-1629 KJN P |
| Petitioner, | |
| v. | ORDER |
| R. LANKFORD, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding without counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a). Therefore, petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Moreover, petitioner's filing was not submitted on the habeas form used by this court, and the petition was addressed to the Lassen County Superior Court.  Indeed, the attachment notes that the Lassen County Superior Court has jurisdiction over petitioner's claims.  (ECF No. 1 at 6.) If petitioner intended this filing to be filed in federal court, he must file his claims on the form used by this court.  The Clerk of Court is directed to send petitioner the forms for filing a petition for writ of habeas corpus and a civil rights complaint, along with the appropriate applications to proceed in forma pauperis.  If petitioner intended this filing to be submitted to the Lassen County

1

1  Superior Court, he must file his claim directly with that court.  This court will not forward
2  misdirected filings to the appropriate court.  If petitioner did not intend to file his claims in this
3  court, petitioner may voluntarily dismiss this action.
4        In addition, the instant petition does not challenge the fact of petitioner's conviction.[1]
5  Petitioner is advised that he may only file a petition for writ of habeas corpus under 28 U.S.C.
6  § 2254 if he challenges the fact or duration of his confinement.[2]  Here, petitioner challenges the
7  conditions of confinement because he alleges deliberate indifference to his serious medical needs,
8  and cruel and unusual punishment.  Claims challenging the conditions of confinement must be
9  raised in a civil rights complaint pursuant to 42 U.S.C. § 1983.
10        Petitioner is further advised that if he files a civil rights complaint, he is required to pay
11  the $350.00 filing fee, even if he is granted leave to proceed in forma pauperis pursuant to 28
12  U.S.C. § 1915.  This filing fee will be withdrawn from petitioner's inmate trust account.
13  Petitioner cannot avoid incurring the filing fee by filing his claims on the form for filing a petition
14  for writ of habeas corpus.
15        Therefore, the petition is dismissed, and petitioner is granted leave to file an amended
16  petition for writ of habeas corpus or civil rights complaint, depending on the nature of petitioner's
17  allegations.  Petitioner is cautioned that his failure to comply with this order will result in a
18  recommendation that this action be dismissed.
19        Finally, on August 9, 2013, petitioner submitted six different sets of documents to this
20  court in one envelope.  While not entirely clear, these documents do not appear to be connected to
21  petitioner's instant claims.  Rather, four of the sets of documents are directed to the Lassen
22  County Superior Court; another set is directed to the Third District Court of Appeal for the State
23  of California, and the last set appears to be a government tort claim form directed to the
24  California Victim Compensation and Government Claims Board.  Because these filings are not

---

[1] Indeed, if petitioner challenged his 2001 conviction sustained in the Los Angeles County Superior Court, such petition must be filed in the United States District Court for the Central District of California.

[2] Although petitioner appended copies of a rules violation report, it does not appear that petitioner challenges a prison disciplinary.

2

1 addressed to this court, the Clerk of the Court is directed to return these documents to plaintiff.
2 As stated above, if any of these documents contain allegations plaintiff seeks to file in federal
3 court, petitioner must set forth such allegations on the appropriate form used by this court.  If
4 petitioner submits filings intended for the instant case or another case pending in this court,
5 petitioner must clearly label the filing with this court's name, the case caption, and case number
6 assigned to the case.   If petitioner seeks to open a new case, the petition or complaint form must
7 be accompanied by either payment of the appropriate filing fee, or a completed application to
8 proceed in forma pauperis.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

2. The petition is dismissed, and petitioner is granted leave to file either a petition for writ of habeas corpus or a civil rights complaint on the form used by this court, as set forth above;

3. The Clerk of the Court is directed to send petitioner a civil rights complaint and petition for writ of habeas corpus form, along with the appropriate applications to proceed in forma pauperis used by this district; and

4. The Clerk of the Court is directed to return petitioner's six sets of documents submitted on August 9, 2013, to petitioner at his address of record.

Dated:  August 20, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tayl1629.101a

3